United States District Court
Southern District of Texas

**ENTERED**

March 14, 2018

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| WALTER  FARIAS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 5:16-CV-00031 |
| | § | |
| JORGE  ALVAREZ, *et al*, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This matter has been referred to the undersigned by the U.S. District Court pursuant to 28 U.S.C. § 636(b)(3) for an evaluation and recommended disposition of this state inmate's civil rights action.  For the reasons stated herein, the Magistrate Judge **RECOMMENDS** that the petitioner's motion be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

Background[1]

Plaintiff filed this civil rights complaint under 42 U.S.C. § 1983 on February 4, 2016, while in the custody of the Texas Department of Criminal Justice at the Cotulla Transfer Unit. (Dkt. No. 1).  The District Court partially dismissed Plaintiff's complaint on January 20, 2017, and ordered the U.S. Marshals to serve Defendants with the complaint.  (Dkt. No. 21); *see also* (Dkt. No. 32 (State's advisory that one defendant was overseas on military duty), Dkt. No. 34 (ordering service on that defendant), Dkt. No. 37 (confirming service had been perfected and defendant was appearing)).  The District Court then denied a motion to dismiss and the case proceeded to discovery.  (Dkt. No. 27).

---

[1] The facts are set forth here largely as they were in this Court's prior order.  *See* (Dkt. No. 62).

This Court entered a Scheduling Order on July 13, 2017.  (Dkt. No. 30).  Then, pursuant to this Court's Order of September 13, 2017, (Dkt. No. 42), Defendants demonstrated to the Court that they were providing Plaintiff with the discovery he required to pursue his claim, *see* (Dkt. Nos. 40-43 (notice of initial and first supplemental disclosures to Plaintiff), 45-46 (notice of second supplemental disclosures and one defendant's Advisory).

On October 10, 2017, Defendant Fitts filed his motion for summary judgment.  (Dkt. No. 49).  In the motion and several attached exhibits, Fitts demonstrates that Plaintiff received treatment on several occasions and that the particular medical concern at issue in this case was successfully addressed without incident; biopsied; and found to be benign.  *See* (Dkt. No. 49 at 10; Dkt. No. 49-9 at 5-6 (Ex. I at MSJ Appx. 39-40)).  Defendants Alvarez and Khan filed their own motion for summary judgment on October 19, 2017.  (Dkt. No. 56).  Plaintiff's responses were due by no later than October 23 and November 1, 2017, respectively.  *See* Hon. Marina Garcia Marmolejo, Civ. Ct. P. 6A.4 (requiring responses to be filed within 21 calendar days after the motion).

Plaintiff did not respond.  On November 29, 2017, this Court notified Plaintiff of his delinquency and ordered him to file a response by no later than December 22, 2017.  (Dkt. No. 57).  Again, no response was received.  For a second time, on February 2, 2018 this Court ordered Plaintiff to respond to Defendants' motions and imposed a deadline of February 21, 2018.  (Dkt. No. 62).  To ensure Plaintiff was receiving the Court's orders, the Court also directed defense counsel to verify Plaintiff's whereabouts with the appropriate correctional institution authorities.  *Id*. at 3.  They did so.  (Dkt. Nos. 63, 64).  The Court also noted that no mail sent to Plaintiff by the Court has been returned undeliverable.  (Dkt. No. 62 at 2).

In its prior Order, the Court observed that Plaintiff "has not filed anything in this case since July of 2016—over eighteen months ago." *Id*; *see* (Dkt. No. 20 ("Letter from Walter Farias request[ing] docket sheet")). The silence now stretches to nineteen months, despite multiple efforts to communicate with Plaintiff and several opportunities for him to respond to Defendants' motions. The Court warned Plaintiff, in boldface type, that "**[r]epeated failure to comply with the Court's orders will result in involuntary dismissal for failure to prosecute this action under Rule 41(b).**" (Dkt. No. 62 at 3 (emphasis in original)). The Court now examines whether such dismissal is warranted.

<u>Analysis</u>

"Rule 41(b) authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a court order." *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014). "Although the rule is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised *sua sponte* whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (quoting and citing the holding of *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

"Ordinarily," a dismissal without prejudice is "less severe a sanction" than dismissal with prejudice, because Plaintiff may re-file his dismissed claim. *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 212-13 (5th Cir. 1976). "Where, however, the statute of limitations prevents or arguably may prevent a party from refiling his case after it has been dismissed," the distinction loses its meaning. *Id*. at 213. "Accordingly . . . where the dismissal is without prejudice, but the applicable statute of limitations probably bars further litigation, the standard of review of the

3

District Court's dismissal should be the same as is used when reviewing a dismissal with prejudice." *Id*.

"Dismissal with prejudice . . . is an extreme sanction that deprives a litigant of the opportunity to pursue his claim." *Coleman*, 745 F.3d at 766 (quoting *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980)). Such a dismissal is appropriate "only if: (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) lesser sanctions would not serve the best interests of justice." *Id*. The Fifth Circuit has observed that it will "generally affirm dismissals with prejudice" only when one of three "aggravating factors" is present: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*. at 766 n.9 (citing *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

The Court does not examine whether any underlying statute of limitations might bar Plaintiff from bringing this claim again, and expresses no opinion on that issue. Assuming, however, that such a claim would be barred, the Court finds that the criteria for dismissal with prejudice have been satisfied.

Given that Plaintiff has thrice missed a deadline to respond to Defendants' motions for summary judgment, and given that Plaintiff has not filed anything in this action for over a year and a half, the Court finds a clear record of delay. Additionally, the Court finds that no lesser sanction would serve the best interests of justice, because Plaintiff is simply no longer participating in this litigation. And because Plaintiff is proceeding *pro se*, the delays cannot be imputed to malfeasance or misconduct of an attorney. *See McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (recognizing the Fifth Circuit's "reluctance to visit such a harsh sanction upon a party solely because of the sins of his counsel[.]")

4

Because of Plaintiff's months-long silence in the face of multiple opportunities to provide an update, the Magistrate Judge **RECOMMENDS** to the District Court that this case be **DISMISSED WITHOUT PREJUDICE** under Rule 41(b) of the Federal Rules of Civil Procedure.

DONE at Laredo, Texas, this 14th day of March, 2018.

_____
DIANA SONG QUIROGA
United States Magistrate Judge